# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cv-62568

**MAAZ ISRAR**,
*individually and on behalf of those similarly situated,*

    Plaintiff,

v.

**MRS BPO, LLC**,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Maaz Israr ("Plaintiff"), individually and on behalf of those similarly situated, sues Defendant MRS BPO, LLC ("Defendant") for violating the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant is a Missouri corporation, with its principal place of business located in Earth City, Missouri.

PAGE | **1** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

6. On a date better known by Defendants, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a voluntary transaction between the creditor of the Consumer Debt and Plaintiff involving the provision of an unsecured loan for Plaintiff to utilize for educational purposes (the "Subject Service").

8. The Subject Service was primarily for personal, family, or household purposes.

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

PAGE | **2** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect, or otherwise attempt to collect, the Consumer debt from Plaintiff.

16. Defendant is a debt collector governed by the FDCPA.

17. Defendant is registered with the Florida Office of Financial Regulation as "Consumer Collection Agency."

18. Defendant's "Consumer Collection Agency" license number is CCA0900813.

19. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

21. On a date better known by Defendant, Defendant sent a letter, internally dated March 3, 2021, to Plaintiff in an attempt to collect the Consumer Debt (the "Collection Letter"). Attached as Exhibit "A" is a copy of the Collection Letter.

22. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

23. The Collection Letter is a communication from Defendant to Plaintiff in an attempt to collect the Consumer Debt.

24. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

25. Defendant is required by § 1692g(a)(2) of the FDCPA to identify the creditor of the Consumer Debt in the Collection Letter.

26. Defendant fails identify the creditor of the Consumer Debt in the Collection Letter.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

27. The Collection Letter falsely represents that "NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3" is the creditor of the Consumer Debt.

28. "NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3" is not the creditor of the Consumer Debt.

## CLASS ALLEGATIONS

### PROPOSED CLASS

29. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant [4] wherein Defendant identifies a *trust* as the creditor of the underlying debt [5] during the twelve months preceding the filing of this Class Action Complaint.

30. Defendants and their employees or agents are excluded from the Class.

31. Plaintiff does not know the number of members in the Class but believes the members the Class to be several thousand if not more.

### NUMEROSITY

32. Upon information and belief, Defendant has sent thousands of debt collection letters to thousands of consumers throughout Florida which violate § 1692e(2)(A) and § 1692e(2)(A) of the FDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

33. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

### COMMON QUESTIONS OF LAW AND FACT

34. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] whether Defendant sent a letter to Plaintiff and members of the Class in an attempt to collect a debt; [2] whether Defendant is a debt collector under the FDCPA; [3] whether Defendant's conduct was knowing and willful; [4] whether Defendant is liable for damages, and the amount of such damages.

35. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends debt collection letters to consumers that falsely identify a *trust* s the creditor of the underlying debt is accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

36. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

37. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

38. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, albeit limited to $500,000 or 1% of

Defendant's net worth, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

40. Plaintiff, individually and on behalf of the Class, incorporates by reference paragraphs 6-39 of this Class Action Complaint as though fully stated herein.

41. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

42. As set forth above, the Collection Letter falsely represents that "NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3" is the creditor of the Consumer Debt. "NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3" is not, and otherwise *cannot* be as a matter of *law*, the creditor of the Consumer Debt. First, "NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3" simply is not the creditor of the Consumer Debt. Second, and

more critically, "NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3" is a *trust* and otherwise *cannot* be a "creditor" of the Consumer Debt as a matter of law.

43. WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a) Statutory damages as provided by 15 U.S.C. § 1692k;

    (b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (c) Any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF 15 U.S.C. § 1692g(a)(2)

44. Plaintiff, individually and on behalf of the Class, incorporates by reference paragraphs 6-39 of this Class Action Complaint as though fully stated herein.

45. Here, the Collection Letter was a communication Plaintiff received from Defendant in connection with the collection of a Consumer Debt. The Collection Letter, however, did not contain the information explicitly required by § 1692g(a)(2), *to wit*, the name of the creditor of the underlying debt, and Plaintiff was not notified of said omitted information within five (5) days of receiving the Collection Letter.

46. Because Defendant failed to provide the information required by § 1692g(a)(2) of the FDCPA to Plaintiff within the Collection Letter, or within five (5) days thereof, Defendant violated § 1692g(a)(2).

47. WHEREFORE, Plaintiff, individually and on behalf of Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a) Statutory damages as provided by 15 U.S.C. § 1692k;

    (b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (a) Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: December 27, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **8** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com